# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

Case No. _____

| | |
|---|---|
| LISA BENZING, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| USAA OFFICER SEVERANCE PLAN, | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

### PRELIMINARY STATEMENT[1]

Lisa Benzing ("Plaintiff") brings this ERISA action against USAA Officer Severance Plan (the "Plan") to secure severance and other benefits to which Plaintiff is entitled under the Plan, which is administered by the Executive Vice President, Human Resources of United States Automobile Association. United States Automobile Association ("USAA") is the sponsor of the Plan. Plaintiff is covered under the Plan by virtue of her employment with USAA.

### PARTIES

1. Plaintiff is a citizen and resident of North Carolina.

2. The Plan is an employee welfare benefit plan organized and subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1001, *et. seq.* and the regulations promulgated thereunder. At all times pertinent to this action, USAA sponsored and maintained the Plan.

---

[1] This Preliminary Statement gives a synopsis of Plaintiff's claims and is not intended as an allegation to be answered by Defendant.

## JURISDICTION AND VENUE

3. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that Plaintiff's claims arise under the laws of the United States. Specifically, Plaintiff brings this action under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) to secure benefits due.

4. Venue in the Western District of North Carolina is appropriate by virtue of the denial of benefits in this District and Defendant doing business and being found in this District.

## FACTUAL ALLEGATIONS

5. At all times relevant to this Complaint, Plaintiff has been a participant in the Plan by virtue of her employment with USAA.

6. The Executive Vice President, Human Resources is named as the plan administrator of the Plan in the Plan document and therefore is the Plan Administrator of the Plan within the meaning of ERISA §3(16), 29 U.S.C. §1002(16). In the alternative, USAA is the plan administrator for the Plan under ERISA because it is the employer sponsoring the Plan and therefore is the default plan administrator under ERISA §3(16), 29 U.S.C. §1002(16).

7. The Plan offers severance benefits to covered participants/eligible employees whose termination of employment is a "Qualifying Termination," as that term is defined in the Plan.

8. Under the terms of the Plan, the Plan Administrator administers the Plan and has authority to grant or deny benefits.

9. The Plan Administrator has a fiduciary obligation to Plaintiff to administer the Plan fairly and to determine benefits according to the terms of the Plan.

10. Plaintiff accepted a position as Vice President, Talent Development on August 9, 2019 and began working for USAA on September 30, 2019.

11. The Plan defines Eligible Employees as those employees with a title of Assistant Vice President or higher. Plaintiff was an Eligible Employee because she was a Vice President. Under the terms of the Plan, Plaintiff would be entitled to severance benefits should her termination be a "Qualifying Termination" under the Plan, meaning a termination for other than specific listed exceptions.

12. On November 19, 2019, USAA involuntarily terminated Plaintiff's employment. USAA's termination of Plaintiff was a Qualifying Termination as that term is defined in the Plan because USAA terminated Plaintiff's employment for other than any of the listed exceptions to the term Qualifying Termination. Indeed, USAA did not provide any written reason for Plaintiff's termination.

13. Plaintiff applied for severance and other benefits and submitted information showing that she was entitled to benefits on account of her involuntary termination.

14. On or about March 16, 2020, Marcel Menendez, the claims administrator for the Plan, denied Plaintiff's claim for benefits.

15. Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits. She submitted additional information to show that she is entitled to severance benefits.

16. From May 2017 through the present, Patricia Teague has been the Executive Vice President and Chief Human Resources Office of USAA.

17. Jeanne Hertz, the Vice President of Human Resources Staff Operations, denied Plaintiff's appeal of her claim for severance benefits.

18. To the extent required under law, Plaintiff exhausted her administrative remedies and her claim is ripe for judicial review pursuant to ERISA §502, 29 U.S.C. §1132.

19. Defendant Plan has wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

   a. USAA's termination of Plaintiff's employment was a Qualifying Termination under the Plan;

   b. The Plan Administrator failed to accord proper weight to the evidence in the administrative record showing that USAA's termination of Plaintiff's employment was a Qualifying Termination; and

   c. Defendant Plan has violated its contractual obligation to furnish severance and other benefits to Plaintiff.

## FIRST CLAIM FOR RELIEF:
## WRONGFUL DENIAL OF BENEFITS UNDER
## ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B)

20. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-19 above.

21. Defendant Plan has wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

   a. Plaintiff has been wrongfully denied severance benefits;

   b. The Plan Administrator failed to accord proper weight to the evidence in the administrative record; and

   c. Defendant Plan has violated its contractual obligation to furnish severance benefits to Plaintiff.

## SECOND CLAIM FOR RELIEF:
## ATTORNEY'S FEES UNDER ERISA §502, 29 U.S.C. §1132

22. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-21 above.

23. Plaintiff is entitled to her attorney's fees and costs pursuant to ERISA §502(g), 29 U.S.C. §1132(g).

WHEREFORE, Plaintiff prays that the Court grant her the following relief:

1. Grant Plaintiff declaratory and injunctive relief, finding that she is entitled to severance and other benefits under the terms of the Plan, and that Defendant Plan be ordered to pay severance benefits according to the terms of the Plan;

2. Grant Plaintiff declaratory and injunctive relief providing that she is entitled to any other associated or related benefits sponsored or maintained by USAA for which Plaintiff qualifies;

3. Enter an order awarding Plaintiff pre-judgment interest and, to the extent applicable, post-judgment interest;

4. Award Plaintiff all reasonable attorney's fees and expenses incurred herein pursuant to ERISA §502(g);

5. Award Plaintiff the costs of this action; and

6. Award Plaintiff such other and further relief as may be just and proper.

Dated this the 5th day of April 2022.

Respectfully Submitted,

*/s/ Bryan L. Tyson*
*/s/ Hannah Auckland*
Bryan L. Tyson (N.C. Bar. No. 32182)
Hannah Auckland (N.C. Bar. No. 35953)
Marcellino & Tyson, PLLC
2820 Selwyn Ave., Suite 350
Charlotte, North Carolina 28209
Telephone: 704.919.1519
Fax: 980.219.7025
bryan@yourncattorney.com
hauckland@yourncattorney.com

**Attorneys for Plaintiff Lisa Benzing**