UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-146-MOC-DSC

| LISA BENZING, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| USAA OFFICER SEVERANCE PLAN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Motion to Settle Administrative Record (Doc. No. 20), and on Defendant's related Cross-Motion to Exclude Plaintiff's Improper Submissions from Consideration, (Doc. No. 27).

## I. BACKGROUND

In this action arising under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq., Plaintiff claims that her former employer wrongfully denied her claim for severance benefits after terminating her employment. The parties have filed cross-motions for summary judgment. Furthermore, Plaintiff has filed a motion to settle the administrative record, in which Plaintiff seeks to include as part of the administrative record documents 1 through 43, which include the hiring letter for Plaintiff's employment and an "Executive Benefits and Perquisites Handbook," which is an employment document created by her former employer USAA. Furthermore, in support of her summary judgment motion, Plaintiff has submitted a sworn Declaration regarding bonus payments she received after her termination, as well as a W-2 tax form. See (Doc. No. 19).

1

Defendant opposes Plaintiff's Motion to Settle Administrative Record and Defendant has filed its own related "Cross-Motion to Exclude Plaintiff's Improper Submissions from Consideration," in which Defendant argues that the Court should not consider documents in Plaintiff's AR 1-43 or Plaintiff's sworn declaration and her W-2 tax form.

## II.     DISCUSSION

In Helton v. AT&T Inc., 709 F.3d 343, 353 (4th Cir. 2013), the Fourth Circuit Court of Appeals clarified that a district court may consider evidence outside the administrative record on both de novo and abuse of discretion review where (i) the evidence was known or could have been ascertained by the fiduciary, and (ii) the information would help the court assess one or more of the eight factors set forth in Booth v. Wal-Mart Stores, Inc. Assoc. Health & Welfare Plan, 201 F.3d 335, 342–43 (4th Cir. 2000), which factors are used as guideposts in a district court's review of a benefits denial under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et. seq. Under Helton, the appropriate considerations are whether the information in these documents (i) was known to and available to the claim fiduciaries and (ii) helps the court assess the Booth factors—not whether specific documents were physically "before" the plan administrator.

In opposing Plaintiff's motion, Defendant suggest that Plaintiff is required to submit evidence that the plan administrator actually knew of the information included at AR 1-43 and in Plaintiff's declaration in order for the Court to consider this information. However, under Helton, an "ERISA plan administrator can be charged with knowledge of information acquired by its employees in the scope of their employment and the contents of its books and records." Helton, 709 F.3d at 353; see also Hess v. Hartford Life & Acc. Ins. Co., 274 F.3d 456, 462–63 (7th Cir.2001) (holding that district court properly considered beneficiary's employment contract,

even though plan administrator said that it never saw the contract); Brooking v. Hartford Life & Acc. Ins. Co., 167 Fed. Appx. 544, 547 n.4 (6th Cir. 2006) (holding that a district court may consider plan documents, even if such documents were not part of the administrative record). The records that Plaintiff wants to be considered as part of the administrative record are USAA's own employment records for Plaintiff. The Plan Administrator is imputed with this knowledge of these records. Moreover, the Court finds that the information included in Plaintiff's declaration concerning her bonus payments and her 2019 W-2 tax form, which relate to bonus payments that Plaintiff received after her employment ended, are relevant to Plaintiff's claim.

In sum, the employment documents and information included at AR 1-43, as well as the information in Plaintiff's declaration concerning her bonus payments and her 2019 W-2 tax form, were all indisputably created by USAA and/or known to its Plan Administrator (via actual knowledge or imputed knowledge), are relevant to Plaintiff's claim, and are relevant to several Booth factors. Thus, AR 1-43, Plaintiff's declaration, and Plaintiff's W-2 form will be included in this Court's review as part of the Administrative Record or as material extrinsic to the Administrative Record that was before the plan administrator when denying Plaintiff's claim to severance benefits.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Settle Administrative Record (Doc. No. 20), is **GRANTED**, and Defendant's related Cross-Motion to Exclude Plaintiff's Improper Submissions from Consideration, (Doc. No. 27), is **DENIED**.

Signed: September 26, 2023

Max O. Cogburn Jr.
United States District Judge